UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LAWRENCE TYRRELL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:16-cv-00628-JAW |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| ACTING COMMISSIONER, | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant | ) | |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff Lawrence Tyrrell's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Acting Commissioner, found that Plaintiff has certain medically determinable impairments, but that the impairments are not "severe." Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action for judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

**The Administrative Findings**

The Commissioner's final decision is the November 12, 2015, decision of the Administrative Law Judge (ALJ). (ECF No. 9-2.)[1] The ALJ's decision tracks the familiar

---

[1] Because the Appeals Council found no reason to review that decision, Defendant's final decision is the

five-step sequential evaluation process for analyzing social security disability claims, 20

C.F.R. §§ 404.1520, 416.920, but concludes at step 2 of the process.

The ALJ found that Plaintiff has several impairments, including but not limited to

right ankle degenerative joint disease and thoracic spine disorder, but that the impairments

are not severe.  (*Id.* ¶¶ 3, 4.)  In other words, the ALJ found that Plaintiff does not have an

impairment or combination of impairments that has significantly limited (or is expected to

significantly limit) Plaintiff's ability to perform basic work-related activities for twelve

consecutive months.  (*Id.* ¶ 4.)  The ALJ did not call a medical expert to testify at the

hearing.

### Standard of Review

A court must affirm the administrative decision provided the ALJ applied the correct

legal standards and provided the decision is supported by substantial evidence.  This is so

even if the record contains evidence capable of supporting an alternative outcome.  *Manso-*

*Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v.*

*Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987).  Substantial evidence is evidence that a

reasonable mind might accept as adequate to support a finding.  *Richardson v. Perales,* 402

U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981).  "The

ALJ's findings of fact are conclusive when supported by substantial evidence, but they are

not conclusive when derived by ignoring evidence, misapplying the law, or judging matters

entrusted to experts."  *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

---

ALJ decision.  (Notice of Appeals Council Action, ECF No. 9-2, R. 1.)

**Discussion**

On December 6, 2013, David Houston, Ph.D., on behalf of Disability Determination Services, determined that Plaintiff's mental impairments are not severe. (Ex. 2A, R. 53 – 54, ECF No. 9-3.) On December 12, 2013, Donald Trumbull, M.D., also on behalf of Disability Determination Services, determined that Plaintiff's physical impairments are not severe. (*Id.*, R. 55.) Upon reconsideration of the determinations at Plaintiff's request, on August 25, 2014, after Plaintiff received a consultative psychiatric evaluation by Richard Parker, Ph.D., (Ex. 2F, ECF No. 9-7), Jan Jacobson, Ph.D., determined that Plaintiff's psychological condition does not result in significant limitations in Plaintiff's ability to perform basic work activities and, therefore, is not severe enough to be considered disabling. (Ex. 3A, R. 61 – 64, ECF No. 9-3.) The Disability Determination Services' review of Plaintiff's application did not include a consultative physical exam.

Between the reconsideration determination and the hearing before the ALJ, Plaintiff was examined by two physicians. First, Peter Ameglio, M.D. performed an orthopedic evaluation on June 11, 2014. (Ex. 4F, ECF No. 9-7.) Dr. Ameglio examined Plaintiff's right foot and reported findings of forefoot pronation, hallux valgus foot deformity with erythema over the medial eminence, hypermobile first tarsometatarsal joint, decreased range of motion of the first metatarsal phalangeal joint, painless range of motion of the ankle, subtalar joint, transverse tarsal joints, and metatarsal phalangeal joints, with 5/5 motor strength. (R. 271.) Based on the findings, Dr. Ameglio assessed right hallux rigidus and right midfoot degenerative joint disease, and he prescribed orthotics. (*Id.*) In a medical source statement, Dr. Ameglio opined that Plaintiff would be limited to light exertion, and

could stand or walk for two hours in an eight-hour work day. (R. 267.)

On August 14, 2015, Robert N. Phelps Jr., M.D., an orthopedic surgeon, issued a physical examination report (Ex. 7F) and medical source statement (Ex. 6F). In his report, Dr. Phelps noted a varus deformity and tenderness to palpation at the right ankle with good ankle stability, and uneven wear to Plaintiff's right shoe secondary to the ankle varus deformity. (R. 287 - 288.) Dr. Phelps also assessed bilateral foot impairments consisting of pes planus deformities and "very stiff" great toes, right thoracic scoliosis, and a decreased range of motion in the thoracic spine. (*Id*.) In a source statement, Dr. Phelps found exertional limitations, postural limitations, manipulative limitations, and environmental limitations. (R. 280 – 82.)

Plaintiff argues that the findings reported by Drs. Ameglio and Phelps in 2014 should control over the December 2013 physical residual functional capacity findings of Dr. Trumbull, which findings were based on Dr. Trumbull's review of Plaintiff's then-existing medical records. Plaintiff observes that Disability Determination Services never obtained a consultative examination of Plaintiff's physical impairments. (Statement of Errors at 2 – 4.) Plaintiff contends the ALJ could not reject the findings of Drs. Ameglio and Phelps unless another physician reviewed their findings and provided an opinion supportive of the ALJ's assessment. (*Id.* at 5.) Plaintiff further maintains that the alleged error was not harmless because he is of "advanced age" and would qualify as disabled under the Commissioner's Medical–Vocational Guidelines, Appendix 2 to 20 C.F.R. Part 404, Subpart P, based on a limitation to light work and given his vocational background.

(*Id.* at 6.) [2]

Defendant argues the findings and opinions of Drs. Ameglio and Phelps do not compel a determination that Plaintiff's orthopedic impairments are severe because the doctors were not treating sources, Plaintiff's providers have treated the impairments conservatively (e.g., Dr. Ameglio recommended orthotics), Plaintiff's activities of daily living are inconsistent with a finding of a "severe" limitation, and reports in the longitudinal medical record did not persuade Dr. Trumbull that Plaintiff's orthopedic impairments were severe. (Defendant's Opposition at 5 – 8, ECF No. 17.) Defendant, therefore, asserts that the ALJ supportably relied on Dr. Trumbull's record-review opinion, despite the more recent findings, based on an exercise of "common sense judgment." (*Id.* at 13.)

At step 2, a social security disability claimant must establish the alleged conditions are severe, but the burden is *de minimis*, and is designed merely to screen out groundless claims. *McDonald v. Sec'y of HHS*, 795 F.2d 1118, 1123-24 (1st Cir. 1986). The ALJ may find that an impairment or combination of impairments is not severe when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85–28). In other words, an impairment is severe if it has more than a minimal impact on the claimant's ability to perform basic work activities

---

[2] Plaintiff also argues that the ALJ's finding that Plaintiff has a medically determinable personality disorder (ALJ Decision ¶ 3) is logically inconsistent with the finding that he does not have a severe mental impairment. (Statement of Errors at 6 – 7.)

on a regular and continuing basis. *Id.* According to Defendant's regulations, such activities

could include walking or standing for as many as six hours, while carrying heavy objects,

over the course of an eight-hour day, forty hours per week. 20 C.F.R. §§ 404.1522(a),

404.1545(b); Social Security Ruling 96–8p ("A 'regular and continuing basis' means 8

hours a day, for 5 days a week, or an equivalent work schedule."). This Court has observed:

> There is no hard and fast rule requiring renewed evaluation by a consulting
> expert every time a disability claimant experiences new medical events or
> obtains new diagnoses in the interval between the initial DDS consultant's
> RFC assessment and the date of the administrative hearing. Particularly
> where pain is concerned, an Administrative Law Judge has the unenviable
> duty to make a credibility determination, 20 C.F.R. §§ 404.1529(a), (c)(1),
> (c)(4), 416.929(a), (c)(1), (c)(4); SSR 96–7p, and the evidence contained in
> new medical records may, in some cases, simply dovetail with the credibility
> determination. Where the dividing line exists is difficult to determine and
> will depend on the particular facts of a case.

*Bachelder v. SSA Comm'r*, No. 1:09-CV-436-JAW, 2010 WL 2942689, at *6 (July 19,

2010), *report and recommendation adopted*, 2010 WL 3155151 (D. Me. Aug. 9, 2010).

*See also Rose v. Shalala*, 34 F.3d 13, 18 (1st Cir. 1994) ("[T]he amount of weight that can

properly be given the conclusions of non-testifying, non-examining physicians will vary

with the circumstances, including the nature of the illness and the information provided the

expert. In some cases, written reports submitted by non-testifying, non-examining

physicians cannot alone constitute substantial evidence, although this is not an ironclad

rule." (citations and internal quotation marks omitted)).

Without the subsequent assessments of Drs. Ameglio and Phelps, the record

arguably includes substantial evidence to support Dr. Trumbull's record-review opinion

that Plaintiff does not have a severe orthopedic impairment. The findings of Drs. Ameglio

and Phelps, however, which findings were not available to Dr. Trumbull when he issued his assessment, raise questions regarding the ability to rely solely on Dr. Trumbull's opinion as substantial evidence. Given that Drs. Ameglio and Phelps appear to have made some new and potentially significant findings, the exclusive reliance on Dr. Trumbull's opinion would likely be insufficient to support the ALJ's determination. The ALJ, however, did not rely exclusively on Dr. Trumbull's opinion. She also relied on her assessment of Plaintiff's credibility. The issue is thus whether in this case, Dr. Trumbull's opinion and the ALJ's assessment of Plaintiff's testimony are sufficient to support the ALJ's determination.

In support of her step 2 decision, the ALJ observed that while Plaintiff described his ankle and foot problems as longstanding, he did not independently seek treatment over the course of several years. (R. 15.) The ALJ also recognized that the record contained new findings, including right ankle degenerative joint disease (confirmed on x-ray), and the ALJ observed that "right foot pronation with hallux valgus foot deformity" was one of the noteworthy exceptions to what were otherwise unremarkable findings in the medical records. (*Id.*) Ultimately, the ALJ concluded that the findings did not reveal a severe impairment or combination of impairments because Plaintiff has "continued to work part-time as a housing inspector" and left his prior work as a welder (circa 2012) for reasons other than his impairments. (R. 16.) The ALJ further observed that Plaintiff's impairments have all been treated conservatively, noting in particular the prescription of orthotic footwear. (R. 15.) Finally, the ALJ explained that she found the source statements offered by Drs. Ameglio and Phelps unpersuasive because they assessed a limitation to sedentary

work by restricting Plaintiff to no more than two hours standing and/or walking in an eight-hour workday, which limitations did not appear to be consistent with Plaintiff's part-time light work and activities of daily living. (R. 16.)

In essence, the ALJ concluded that Plaintiff did not suffer from a severe impairment, despite two more recent medical opinions to the contrary, based on her evaluation of Plaintiff's activity level. While the factors upon which the ALJ relied are certainly relevant to a disability determination, including a claimant's residual functional capacity, the circumstances in which the factors would be controlling at step 2, particularly in the absence of a medical opinion to address new medical findings, would likely be limited. In short, without a medical opinion to address the assessments by Drs. Ameglio and Phelps, the record evidence does not establish "only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an [Plaintiff's] ability to work even if [Plaintiff's] age, education, or work experience were specifically considered." *McDonald*, 795 F.2d at 1124.

Plaintiff has also demonstrated that the step 2 finding is not harmless error. Drs. Ameglio and Phelps have opined that Plaintiff is limited to sedentary work. For a claimant of Plaintiff's age and vocational background, an assessment that he is limited to sedentary work would direct a finding of disabled under the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.00. Remand, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

**NOTICE**

    A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

    Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of October, 2017