# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| LAWRENCE TYRRELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, SOCIAL )<br>SECURITY ADMINISTATION )<br>ACTING COMMISSIONER, )<br>)<br>Defendant ) | 2:16-cv-00628-JAW |

## RECOMMENDED DECISION ON APPLICATION FOR ATTORNEY FEES

Plaintiff Lawrence Tyrrell seeks to recover attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, following a successful appeal from the denial of his application for benefits under the Social Security Act. Plaintiff requests an award of $3,251.77. (EAJA Application, ECF No. 24; Ex. A, ECF No. 24-1.) Defendant contends the award should be reduced because Plaintiff's requested rate for paralegal time is greater than the standard rate in this District and because Plaintiff is not entitled to recover for all of the claimed attorney time. (Defendant's Opposition, ECF No. 25.)

Following a review of the record and after consideration of the parties' arguments, I recommend the Court grant the application in the amount of $3,229.77.

**Legal Standard**

The EAJA provides, in relevant part, that a prevailing party should receive a fee-shifting award against the United States, unless the position of the United States was

"substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Schock v. United States*, 254 F.3d 1, 5 (1st Cir. 2001).

The calculation of an EAJA fee award is ordinarily based on the loadstar method. The court determines the number of hours reasonably expended on the matter and multiplies that figure by a reasonable hourly rate. This analysis allows adjustments to be made for unreasonable and unproductive attorney time, and for unreasonable hourly rates. A fee-shifting award under the EAJA is also appropriately reduced to account for the prevailing party's relative degree of success. A fee-shifting award should not compensate attorney effort that was unsuccessful in demonstrating unreasonable government action. *McDonald v. Sec'y of HHS*, 884 F.2d 1468, 1478 – 79 (1st Cir. 1989).

**Discussion**

On November 13, 2017, the Court vacated Defendant's decision on Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, and remanded for further administrative proceedings. (Judgment, ECF No. 23.) Defendant does not dispute that an award is appropriate in this case, nor does Defendant argue that the award should be reduced to account for less than complete success. Instead, Defendant argues the requested paralegal hourly rate is unreasonable, and that some of the claimed attorney time is not recoverable.

Defendant argues that Plaintiff's requested rate of $110 per hour for paralegal time should be reduced to $90, because $90 is the established rate in this District. Citing this Court's recent decision in *Pelletier v. SSA Comm'r*, 1:17-cv-0073-NT (D. Me., Dec. 20, 2017), Plaintiff concedes that she has not demonstrated that an hourly rate in excess of $90

2

is recoverable. (Reply at 1.) The 1.1 hours of paralegal time claimed by Plaintiff, therefore, shall be awarded at the rate of $90 per hour. The adjustment reduces the amount claimed by $22.

Defendant argues the Court should deduct 1.8 hours of attorney time on tasks Defendant contends are not required to be performed by an attorney, or at the full attorney rate. (Opposition at 3 – 5.) Defendant challenges the nine-tenths of an hour of attorney time on December 20, 2016, for the drafting and filing of the complaint and summons, the preparation of a letter and motion for leave to proceed in forma pauperis, and the review of the Court's order granting the motion. Defendant also challenges nine separate other entries, each for one-tenth of an hour at the attorney rate, for tasks such as "receipt and review of signed forms from client," letter preparation, review of court emails, and review of the judgment and order. Defendant, relying on this Court's decisions in *Pelletier v. SSA Comm'r*, No. 1:10-cv-00438-DBH, 2011 WL 5545658, at *2, and *Haskell v. SSA Comm'r*, No. 1:11-cv-00289-GZS, 2012 WL 1463300, at *2, contends that the tasks do not require the attorney's time at the full attorney rate.

Defendant's argument is unpersuasive. Neither *Pelletier* nor *Haskell* established a rule in this District that an attorney's time to review notices or orders from the court, to prepare a complaint, to prepare a motion for leave to proceed in forma pauperis, or to review other case-related documents was not compensable. Indeed, counsel is required to remain aware of the developments in a case. Rather, the cases reinforce the Court's obligation to scrutinize the amount of time devoted to various tasks to determine whether the tasks can more appropriately be accomplished in less time by a person at a lower hourly

3

rate. Here, the challenged time devoted by counsel to the tasks is modest and reflects tasks that are consistent with counsel's obligations to his client and the court. The requested attorney time is thus not unreasonable.

**Conclusion**

For the reasons set forth above, I recommend the Court grant Plaintiff's EAJA Application in the amount of $3,229.77.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.


Dated this 3rd day of April, 2018         /s/ John C. Nivison
                                          U.S. Magistrate Judge